IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| Julie Renee Thomas and Jeffery Alan Thomas, II,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>Plaza Auto Mall; Robert McIlwain; Scott Bonforti; Maksim Sluvis; and American Honda Motor Co., Inc.,<br><br>　　　　　　　　　　Defendants. | Civil Action No. _____<br><br>*Removed from the Court of Common Pleas, Allegheny County, Pennsylvania*<br>*Case No. GD-24-009582*<br><br>**<u>AMERICAN HONDA MOTOR CO., INC.'S NOTICE OF REMOVAL</u>** |

Pursuant to 28 U.S.C. § 1332, Defendant American Honda Motor Co., Inc. ("American Honda"), removes the above-captioned action previously pending in the Court of Common Pleas for Allegheny County, Pennsylvania, Civil Action No. GD-24-009582 to the United States District Court for the Western District of Pennsylvania, Pittsburgh Division. American Honda files this Notice without waiving any rights, defenses, exceptions, or obligations that may exist in its favor in state or federal court.

**Commencement of the Action**

Plaintiffs Julie Renee Thomas and Jeffery Alan Thomas, II, ("Plaintiffs") instituted this action against American Honda with the filing of a Summons and Complaint on August, 28, 2024. American Honda was served the Summons and Complaint on September 05, 2024. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed "within thirty days after the receipt by the Defendant" of the Summons and Complaint. Venue is proper in this Court, for removal purposes, pursuant to 28 U.S.C. § 1441(a) because this district embraces the place where the removed state action is pending.

1

**Pleadings and Notice to State Court**

True and correct copies of all process and pleadings received by American Honda are attached hereto as **Exhibit A**. American Honda will promptly provide a copy of this Notice of Removal to the Clerk of Court for the Allegheny County Court of Common Pleas.

**Statutory Basis – Diversity Jurisdiction over this Matter**

This Court properly has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Section 1332 provides, in relevant part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States." 28 U.S.C. § 1332(a)(1). As fully discussed below, this action satisfies both jurisdictional requirements.

As required by 28 U.S.C. § 1332(a)(1), this action involves a controversy between citizens of different states. The Complaint expressly alleges that Plaintiffs are natural persons who are citizens of Pennsylvania. *See* Complaint ¶ 1. The Complaint also expressly alleges that Defendant Plaza Auto Mall is a corporation organized and established under the laws of New York, with its principal place of business in Brooklyn, New York. *See* Complaint ¶ 2. Defendant American Honda is a corporation organized and established under the laws of California, with its principal place of business in Torrance, California. The Complaint also expressly alleges that Defendants Robert McIlwain, Scott Bonforti, and Maksim Sluvis are citizens of New York.[1] *See* Complaint ¶¶ 3–5. Accordingly, complete diversity of citizenship exists between the parties to this action.

In addition, the matter in controversy in this case exceeds the sum or value of Seventy Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interest and costs. From the outset,

---

[1] American Honda has confirmed that two of the individual defendants are citizens of New York and one is a citizen of New Jersey.

2

Plaintiffs' Complaint expressly seeks relief "in an amount greater than fifty thousand dollars." This includes a prayer for rescission of the $39,912.00 sales price of the subject vehicle and further enumerated damages such as costs of replacement transportation, damages to the Plaintiffs' credit rating and reputation, as well as extreme emotional distress. Complaint ¶¶ 99–100. In addition to its prayer for rescission and actual damages, Plaintiffs also seek declaratory relief, multiple damages, punitive damages, and attorney's fees, which further establishes that the amount in controversy in this action exceeds $75,000.[2] *See generally* Complaint.

"[I]n cases where a plaintiff seeks to rescind a contract, the contract's entire value, without offset, is the amount in controversy." *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir. 2000). Additionally, since Plaintiffs' Complaint contains claims under the Pennsylvania Unfair Trade Practice and Consumer Protection Law, Plaintiffs allege treble damages are available. 73 Pa.C.S.A. §201-1 *et. seq.* Accordingly, these alleged bases of recovery alone exceed the amount in controversy and are sufficient to invoke this Court's jurisdiction. Moreover, it is well-established that when both actual and punitive damages are recoverable, "punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied." *Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1047 (3d Cir. 1993) (*citing Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943)). The Third Circuit Court of Appeals has further reasoned "[C]laims for punitive damages 'will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum.'" *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008) (*citing Golden ex rel. Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004).

---

[2] No statement herein should be construed as an admission that any of Plaintiffs' claims are viable. American Honda merely lists the claims and allegations asserted by Plaintiffs in the Complaint.

4879-3057-4572 v.1

Accordingly, the amount in controversy here far exceeds the $75,000 jurisdictional limit, and this matter is properly removable to this Court pursuant to 28 U.S.C. § 1332(a).[3]

## Consent of All Defendants

Pursuant to 28 U.S.C. § 1446(b)(2), American Honda has conferred with counsel for the other defendants in this action, and all other defendants consent to the removal of this action.

## Request for Briefing and Oral Argument

In the event any question arises as to the propriety of this removal, American Honda requests the opportunity to present briefing, oral argument, and, if necessary, affidavits and other relevant evidence in support of their position that removal is proper.

## Conclusion

Wherefore, American Honda removes this matter from the Pennsylvania Court of Common Pleas for Allegheny County to the United States District Court for the Western District of Pennsylvania, Pittsburgh Division, based on diversity jurisdiction as set forth above.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/ *Timur Dikec*
Timur R. Dikec, Esq.
PA I.D. No. 333225
timur.dikec@nelsonmullins.com

Nelson Mullins Riley & Scarborough LLP
6 PPG Place, Suite 700
Pittsburgh, Pennsylvania 15222
Tel:    412-235-3264
Fax:   412-235-9241

---

[3] By removing on diversity grounds, American Honda does not concede that Plaintiffs are entitled to recover any monetary damages. Instead, American Honda specifically denies Plaintiffs have or will suffer any damages and preserves all their rights and objections, and thus removal should not be construed as a waiver of those rights.

4879-3057-4572 v.1

>Steven B. McFarland *(pro hac vice forthcoming)*
>E-Mail: steven.mcfarland@nelsonmullins.com
>1320 Main Street / 17th Floor
>Post Office Box 11070 (29211-1070)
>Columbia, SC  29201
>(803) 799-2000

>*Attorneys for American Honda Motor Co., Inc.*

Pittsburgh, Pennsylvania

October 4, 2024.

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October, 2024, I served a true and correct copy of the foregoing Notice of Removal upon the following via electronic mail and U.S. First Class Mail:

| | |
|---|---|
| William C. Bensley, Esquire<br>Bensley Law Offices, LLC<br>1500 Walnut Street, Suite 900<br>Philadelphia, PA 19102<br><br>*Attorney for Plaintiffs, Julie Renee Thomas and Jeffrey Alan Thomas, II* | Jamie S. Felsen, Esquire<br>Milman Labuda Law Group PLLC<br>3000 Marcus Ave., Suite 3W8<br>Lake Success, NY 11042<br><br>*Attorney for Defendants Plaza Auto Mall, Scott Bonforti, Maksim Sluvis, and Robert McIlwain* |

/s/ Timur R. Dikec
Timur R. Dikec, Esq.
PA I.D. No. 333225
timur.dikec@nelsonmullins.com

Nelson Mullins Riley & Scarborough LLP
6 PPG Place, Suite 700
Pittsburgh, Pennsylvania 15222
Tel:    412-235-3264
Fax:   412-235-9241

Steven B. McFarland (pro hac vice forthcoming)
E-Mail: steven.mcfarland@nelsonmullins.com
1320 Main Street, 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC 29201
(803) 799-2000

*Attorneys for American Honda Motor Co., Inc*