IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------X
JULIE RENEE THOMAS and JEFFERY ALAN
THOMAS, II,

                Plaintiffs,         Case No.: 2:24-cv-1398 (RJC)

- against -

PLAZA AUTO MALL, ROBERT MCILWAIN,
SCOTT BONFORTI, MAKSIM SLUVIS, and
AMERICAN HONDA MOTORS CO., INC.,

                Defendants.
---------------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL ARBITRATION

| MILMAN LABUDA LAW GROUP PLLC | NELSON MULLINS RILEY & SCARBOROUGH LLP |
|---|---|
| Jamie S. Felsen, Esq. (*pro hac vice*)<br>Kyle F. Monaghan, Esq. (*pro hac vice*)<br>3000 Marcus Avenue, Suite 3W8<br>Lake Success, NY 11042-1073<br>(516) 328-8899 (office)<br>(516) 328-0082 (facsimile)<br>Jamiefelsen@mllaborlaw.com<br>kyle@mllaborlaw.com<br><br>*Attorneys for Defendants Plaza Auto Mall, Robert McIlwain, Scott Bonforti and Maksim Sluvis* | Timur R. Dikec, Esq.<br>PA I.D. No. 333225<br>6 PPG Place, Suite 700<br>Pittsburgh, Pennsylvania 15222<br>Timur.dikec@nelsonmullins.com<br>Tel:    412-235-3264<br>Fax:   412-235-9241<br>Steven B. McFarland, Esq. (*pro hac vice forthcoming*)<br>steven.mcfarland@nelsonmullings.com<br>1320 Main Street / 17th Floor<br>Post Office Box 11070 (29211-1070)<br>Columbia, SC 29201<br>(803) 799-2000<br><br>*Attorneys for Defendant American Honda Motor Co., Inc.* |

Date of Service: November 11, 2024

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ...................................................................................................1

**STATEMENT OF FACTS**........................................................................................................1

**STANDARD**…………............................................................................................................2

**ARGUMENT**……..................................................................................................................5
  **PLAINTIFFS MUST BE COMPELLED TO ARBITRATE THEIR CLAIMS**...................5

**CONCLUSION** ........................................................................................................................8

# TABLE OF AUTHORITIES

**Cases**

Am. Express Co. v. Italian Colors Rest., 133 S. Ct. 2304 (U.S. 2013) .......................................... 4
Am. Express Merchants' Litig., 634 F.3d 187, 191 (2d Cir. 2011) ................................................ 4
Application of Whitehaven S.F., LLC v. Spangler, No. 13 CIV. 8476 (ER), 2014 WL 4494168 . 3
Arakawa v. Japan Network Group, 56 F.Supp.2d 349, 352 (S.D.N.Y.1999) ................................ 5
AT&T Mobility LLC v. Concepcion, 563 U.S. 333 (U.S. 2011) ..................................................... 4
Bensadoun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003) .......................................................... 3
Century Indem. Co. v. Certain Underwriters at Lloyd's, London, 584 F. 3d 513, 524 (3d Cir. 2009) ........................................................................................................................................... 3
Champion Auto Sales, LLC v. Polaris Sales Inc., 943 F.Supp.2d 346, 351 (E.D.N.Y. 2013). ...... 3
Chanchani v. Salomon/Smith Barney, Inc., No. 99 CIV. 9219 (RCC), 2001 WL 204214, at *2 (S.D.N.Y. Mar. 1, 2001 .............................................................................................................. 5
Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995) ...................................................................... 2
First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995) ............................................... 2, 3
Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 23, 35 (1991) ......................................... 8
Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 91 (2000) ........................................ 4
Italian Colors, 133 S.Ct. at 2309 (2013) ....................................................................................... 4
JLM Indus., Inc. v. Stolt–Nielsen SA, 387 F.3d 163, 169 (2d Cir. 2004) ................................... 3, 7
Johnson v. Thruway Speedways, Inc., 63 A.D.2d 204, 407 N.Y.S.2d 81, 83 (N.Y. App. Div. 1978) ........................................................................................................................................... 5
LaVoice v. UBS Fin. Servs., Inc., 11 CIV. 2308 (BSJ) (JLC), 2012 WL 124590, at *2 (S.D.N.Y. Jan. 13, 2012) ............................................................................................................................. 4
MAG Portfolio Consult, GMBH v. Merlin Biomed Grp. LLC, 268 F.3d 58, 62 (2d Cir. 2001) ... 6
Martinez v. GAB.K, LLC, No. 24-CV-352 (DEH) (RWL), 2024 WL 3460983, at *5 (S.D.N.Y. July 18, 2024) ............................................................................................................................. 6
Mazza Consulting Group v. Canam Steel Corp., No. 08-CV-38 (NGG), 2008 WL 1809313, at *1 (E.D.N.Y. Apr. 21, 2008) ............................................................................................................ 3
McCaddin v. Southeastern Marine Inc., 567 F. Supp. 2d 373 (E.D.N.Y. 2008) ........................... 3
Nunez v. Citibank, N.A., 08 CIV. 5398 (BSJ), 2009 WL 256107, at *2 (S.D.N.Y. Feb. 3, 2009) 4
Ragone v. Atl. Video at Manhattan Ctr., 595 F.3d at 127 ............................................................. 7
Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 67, 130 S.Ct. 2772, 2776 (2010) .................. 4
Reynolds v. de Silva, 09 CIV. 9218, 2010 WL 743510, at *8 (S.D.N.Y. Feb. 24, 2010) .............. 5
Stern v. eSpeed, Inc., 2006 U.S. Dist. LEXIS 68655 (S.D.N.Y. Sep. 22, 2006) ............................ 5
Sutherland v. Ernst & Young, LLP, 726 F.3d 290 (2d Cir. 2013) .................................................. 4
Thomson–CSF S.A. v. American Arbitration Ass'n, 64 F.3d 773, 776–77 (2d Cir. 1995) ............ 5
Victorio v. Sammy's Fishbox Realty Co., LLC, 2015 U.S. Dist. LEXIS 61421, 27-28 (S.D.N.Y. May 6, 2015) .............................................................................................................................. 5

**Statutes**

§§ 2, 3 and 4 of the Federal Arbitration Act ("FAA") ................................................................... 1
9 U.S.C. § 1 .................................................................................................................................... 3
9 U.S.C. § 2 .................................................................................................................................... 4
9 U.S.C. § 4……………………………………………………………………………………….3

## PRELIMINARY STATEMENT

Defendants Plaza Auto Mall ("Plaza"), Robert McIlwain, Scott Bonforti, Maksim Sluvis and American Honda Motors Co., Inc. ("Honda") (collectively "Defendants") bring this motion to compel Plaintiffs Julie Thomas ("Ms. Thomas") and Jeffrey Alan Thomas II ("Mr. Thomas") (collectively "Plaintiffs") to submit their claims to arbitration pursuant to the arbitration agreement Plaintiffs executed on February 28, 2024 and to stay this proceeding pending the outcome of the arbitration.

Because the causes of action Plaintiffs assert are all subject to valid and binding arbitration, arbitration should be compelled under §§ 2, 3 and 4 of the Federal Arbitration Act ("FAA") and Plaintiffs' lawsuit should be stayed, in its entirety, pending the outcome of compulsory arbitration.

## STATEMENT OF FACTS

Plaintiffs allege that they viewed an advertisement for a 2023 Acura TLX, VIN 19UUB7F90PA000161 (the "Advertised Vehicle") on Plaza's website. See ECF Dkt. No. 1-1. Plaintiffs further allege that after they viewed the advertisement for the Advertised Vehicle and decided to purchase the Advertised Vehicle, they were informed it was no longer available for sale. Thereafter, following negotiations with Plaza and its employees, Plaintiffs allegedly eventually purchased a substantially similar 2023 Acura TLX, VIN: 19UUB7F99PA001616 (the "Vehicle").

Included in the documents for the purchase for the Vehicle is an Arbitration Agreement. Id., at ¶ 6, Ex. "A". The Arbitration Agreement was signed by Plaintiffs on February 28, 2024. Id., at ¶ 7, Ex. "A".  The Arbitration Agreement provides, *inter alia*:

> The agreement is attached and forms a part of that certain sales agreement between
> the Plaza Automotive Group OR its related companies and undersigned buyer(s)
> and concerns the vehicle listed above.

1

> Any dispute, controversy or claim arising out of or relating to the above vehicle, including this contract, shall be settled by arbitration (The American Arbitration Association or a similar organization can be used to resolve the dispute.) The award or decision by the arbitrator(s) may be entered in any court having jurisdiction.
>
> The contract shall be governed by the laws of the State of New York[.]

See Ex. "A".

The Arbitration Agreement further provides that the Plaintiffs agreed to arbitration with Plaza and "its affiliates and subsidiaries". See Ex. "A". As the instant lawsuit includes allegations solely related to the Vehicle transaction, Plaintiffs' claims are subject to Arbitration and which states that the dispute is governed by the laws of the State of New York.

On August 28, 2024, Plaintiffs filed a Complaint in the Court of Common Pleas for Allegheny County, Pennsylvania, Civil Action No. GD-24-009582. See ECF Dkt. Nos. 1, 1-1. On October 4, 2024, Honda removed the instant action from the Court of Common Pleas to this Court. See ECF Dkt. Nos. 1. Plaintiffs assert the following seven (7) causes of action, each of which are directly related to the sale of the Vehicle: (1) fraud; (2) breach of contract; (3) negligence; (4) negligent misrepresentation; (5) breach of express and implied warranties; (6) violation of the Professions and Occupations Act Board of Vehicles Act; and (7) violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law.[1] See ECF Dkt. No. 1-1.

**STANDARD**

General contract law principles apply to the interpretation and enforcement of arbitration agreements. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995). Specifically, courts look to the relevant state law of contracts when determining whether the parties entered into

---

[1] Defendants dispute that any claim can be brought pursuant to Pennsylvania law as the Arbitration Agreement expressly provides that the Vehicle contract is to be interpreted by New York law. Thus, should this Court decline to dismiss this matter and compel arbitration, Defendants reserve their right to move to dismiss any claims brought pursuant to Pennsylvania law.

a valid and enforceable agreement to arbitrate. Century Indem. Co. v. Certain Underwriters at Lloyd's, London, 584 F. 3d 513, 524 (3d Cir. 2009) (citing First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995)), Here, this Court must interpret the contract under New York law based on Plaintiffs' agreement in the Arbitration Agreement that New York law applies.

Courts in New York must determine four (4) issues in the context of a motion to compel arbitration: (1) whether the parties in fact agreed to arbitrate; (2) the scope of the arbitration agreement; (3) if the parties assert federal statutory claims, whether Congress intended those claims to be nonarbitrable; and (4) if the court concludes that some, but not all, of the claims in the case are arbitrable, whether to stay the balance of the proceedings pending arbitration. See Application of Whitehaven S.F., LLC v. Spangler, No. 13 CIV. 8476 (ER), 2014 WL 4494168, at *6 (S.D.N.Y. Sep. 10, 2014) citing JLM Indus., Inc. v. Stolt–Nielsen SA, 387 F.3d 163, 169 (2d Cir. 2004); accord Champion Auto Sales, LLC v. Polaris Sales Inc., 943 F.Supp.2d 346, 351 (E.D.N.Y. 2013).

The Court must evaluate a motion to compel arbitration pursuant to the FAA, 9 U.S.C. § 4 (2000) under a standard similar to the standard for a summary judgment motion. See McCaddin v. Southeastern Marine Inc., 567 F. Supp. 2d 373 (E.D.N.Y. 2008) citing Bensadoun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003); see also Mazza Consulting Group v. Canam Steel Corp., No. 08-CV-38 (NGG), 2008 WL 1809313, at *1 (E.D.N.Y. Apr. 21, 2008). "When such a motion is opposed on the ground that no agreement to arbitrate has been made between the parties, a district court should give the opposing party the benefit of all reasonable doubts and inferences that may arise." Mazza Consulting Group, 2008 WL 1809313, at *1.

Pursuant to the FAA, 9 U.S.C. § 1, *et seq.*, this Court's analysis must begin and end with the arbitration agreement and its express provision compelling arbitration of all claims that arise

3

between Plaintiffs and Defendants.  See 9 U.S.C. § 2 ("A written provision in any…contract … to settle by arbitration a controversy thereafter arising out of such contract … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."); see also Am. Express Co. v. Italian Colors Rest., 133 S. Ct. 2304 (U.S. 2013) (holding that "[t]he text [of the Federal Arbitration Act] reflects the overarching principle that arbitration is a matter of contract"); Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 67, 130 S.Ct. 2772, 2776 (2010).

The FAA unequivocally compels courts to "rigorously enforce arbitration agreements according to their terms, including terms that specify with whom the parties choose to arbitrate their disputes, and the rules under which arbitration will be conducted."  See Italian Colors, 133 S.Ct. at 2309 (2013) (internal quotations and citations omitted); see also Id. at 2308-09, citing AT&T Mobility LLC v. Concepcion, 563 U.S. 333 (U.S. 2011) ("Congress enacted the FAA in response to widespread judicial hostility to arbitration"); Sutherland v. Ernst & Young, LLP, 726 F.3d 290 (2d Cir. 2013) (per curiam) (FLSA/NYLL case citing decision in Italian Colors, supra, and enforcing the arbitration agreement).

The "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration."  See Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 91 (2000) (internal citations omitted); see also In re Am. Express Merchants' Litig., 634 F.3d 187, 191 (2d Cir. 2011) (abrogated on other grounds). "Once a court is satisfied that an arbitration agreement is valid and the claim before it is arbitrable, it must stay or dismiss further judicial proceedings and order the parties to arbitrate." LaVoice v. UBS Fin. Servs., Inc., 11 CIV. 2308 (BSJ) (JLC), 2012 WL 124590, at *2 (S.D.N.Y. Jan. 13, 2012) (quoting Nunez v. Citibank, N.A., 08 CIV. 5398 (BSJ), 2009 WL 256107, at *2 (S.D.N.Y. Feb. 3, 2009) (internal citations omitted).

However, where all of the claims asserted are subject to arbitration, the Court should dismiss rather than stay the case. See, e.g., Reynolds v. de Silva, 09 CIV. 9218, 2010 WL 743510, at *8 (S.D.N.Y. Feb. 24, 2010) (noting that "[a]ll courts of which we are aware have followed the rule that, [w]here all of the issues raised in the Complaint must be submitted to arbitration, the Court may dismiss an action rather than stay proceedings" (internal citations omitted)).

## ARGUMENT

## PLAINTIFFS MUST BE COMPELLED TO ARBITRATE THEIR CLAIMS

### A. The Parties Agreed to Arbitrate

With respect to the first factor – whether the parties in fact agreed to arbitrate – courts employ "ordinary principles of contract and agency" in order to determine whether the parties have agreed to arbitrate. See Chanchani v. Salomon/Smith Barney, Inc., No. 99 CIV. 9219 (RCC), 2001 WL 204214, at *2 (S.D.N.Y. Mar. 1, 2001) citing Thomson–CSF S.A. v. American Arbitration Ass'n, 64 F.3d 773, 776–77 (2d Cir. 1995).  A party generally will be held to a signed contract unless that party can demonstrate special circumstances, such as duress or coercion, that contradict the party's intent to be bound.  Id. citing Arakawa v. Japan Network Group, 56 F.Supp.2d 349, 352 (S.D.N.Y.1999) (applying New York law); Victorio v. Sammy's Fishbox Realty Co., LLC, 2015 U.S. Dist. LEXIS 61421, 27-28 (S.D.N.Y. May 6, 2015) (the party "seeking to avoid arbitration generally bears the burden of showing the agreement to be inapplicable or invalid"). "[I]t is settled under New York law that "a party will not be excused from his failure to read and understand the contents" of a document.  Id. at 28 quoting Johnson v. Thruway Speedways, Inc., 63 A.D.2d 204, 407 N.Y.S.2d 81, 83 (N.Y. App. Div. 1978).  The general rule under New York law is that "a party who executes a contract is considered bound by the terms of that contract." Id. quoting Stern v. eSpeed, Inc., 2006 U.S. Dist. LEXIS 68655 (S.D.N.Y. Sep. 22, 2006). Moreover,

5

non-signatories may compel arbitration against signatories via equitable estoppel where: (1) the issues the non-signatory is seeking to resolve in arbitration are intertwined with the arbitration agreement and (2) there is a relationship among the parties that justifies a conclusion that the plaintiff should be estopped from denying an obligation to arbitrate this dispute with the non-signatory.  Martinez v. GAB.K, LLC, No. 24-CV-352 (DEH) (RWL), 2024 WL 3460983, at *5 (S.D.N.Y. July 18, 2024); MAG Portfolio Consult, GMBH v. Merlin Biomed Grp. LLC, 268 F.3d 58, 62 (2d Cir. 2001).

In this action, the parties entered into a binding contract which expressly provides that the parties agree to submit all claims and disputes – including the claims that Plaintiffs brought in this action – to arbitration. Under such circumstances – that is, signing an arbitration agreement as an express condition for the purchase of the Vehicle – arbitration is clearly mandatory. Moreover, the Arbitration Agreement clearly provides that any claims relating to the purchase of the Vehicle by Plaintiffs are subject to arbitration.

In addition, the Arbitration Agreement requires Plaintiff to arbitrate claims against Plaza "and its affiliates and subsidiaries." See Sluvis Decl., Ex. "A". As expressly alleged by Plaintiffs, Plaza was Honda's agent for purpose of selling the Vehicle, and Plaintiffs assert a breach of contract claim against all Defendants. Thus, the Arbitration Agreement is clearly applicable to Honda as an affiliate of Plaza, as alleged by Plaintiffs.

Moreover, the remaining non-signatories, Robert McIlwain, Scott Bonforti and Maksim Sluvis (the "Non-Signatory Employees"), are all employees of Plaza. The issue of whether any of the remaining non-signatories are covered by the Arbitration Agreement is easily determined in favor of arbitration. Specifically, there are no allegations that Plaza's employees were acting outside of the scope of their employment with Plaza. As such, any claim against these non-

6

signatory employees is intertwined with the arbitration agreement and whether Plaintiffs have any legitimate claim of any violation of law with regards to the sale of the Vehicle to Plaintiffs. Moreover, the relationship of the Non-Signatory Employees is that of an employer-employee relationship with Plaza, the entity that has the express Arbitration Agreement with Plaintiffs. This otherwise establishes that the claims against Plaza, Honda, and the Non-Signatory Employees are sufficiently intertwined to require arbitration of claims against the non-signatory beneficiaries. See Ragone v Atl. Video, 595 F3d 115, 127 (2d Cir. 2010) (a defendant's status "as a non-signatory did not preclude [plaintiff] from being compelled to arbitrate her claims against [the non-signatory]. This holding was based upon the fact that this Court has held that parties to an arbitration agreement may be compelled to arbitrate their claims against a non-signatory if these claims are sufficiently intertwined with her claims against a signatory."); see also JLM Indus., Inc. v. Stolt-Nielsen SA, 387 F.3d 163, 177 (2d Cir. 2004).

Based on the foregoing, the parties agreed to arbitrate.

### B. This Dispute Falls Within the Scope of the Arbitration Agreement

Plaintiffs assert seven (7) causes of action, each of which are directly related to the sale of the Vehicle: (1) fraud; (2) breach of contract; (3) negligence; (4) negligent misrepresentation; (5) breach of express and implied warranties; (6) violation of the Professions and Occupations Act Board of Vehicles Act; and (7) violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law.[2] See ECF Dkt. No. 1-1.

The Arbitration Agreement requires the parties to submit to arbitration all disputes that concern "[a]ny dispute, controversy or claim arising out of or relating to the [Vehicle], including

---

[2] Defendants dispute that any claim can be brought pursuant to Pennsylvania law as the Arbitration Agreement expressly provides that the Vehicle contract is to be interpreted by New York law. Thus, should this Court decline to dismiss this matter and compel arbitration, Defendants reserve their right to move to dismiss any claims brought pursuant to Pennsylvania law.

7

this contract, shall be settlement by arbitration (The American Arbitration Association or a similar organization can be used to resolve the dispute.)" See Sluvis Decl., Ex. "A". Each of Plaintiffs' seven claims all arise due to the sale and purchase of the Vehicle, including a breach of contract action. Accordingly, all of Plaintiffs' claims must be arbitrated.

Thus, the Arbitration Agreement compels Plaintiffs to submit their claims brought in this action to arbitration (Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 23, 35 (1991)), and this Court must weigh the second and fourth factors in favor of dismissing this action and compelling arbitration.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court require the parties to arbitrate and stay this case.

Dated: Lake Success, New York
November 11, 2024

**MILMAN LABUDA LAW GROUP PLLC**

/s Kyle F. Monaghan, Esq.
Jamie S. Felsen, Esq. (*pro hac vice*)
Kyle F. Monaghan, Esq. (*pro hac vice*)
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
Jamiefelsen@mllaborlaw.com
kyle@mllaborlaw.com

*Attorneys for Defendants Plaza Auto Mall, Robert McIlwain, Scott Bonforti and Maksim Sluvis*

AND

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

/s Timur R. Dikec, Esq.

8

Timur R. Dikec, Esq.
PA I.D. No. 333225
Timur.dikec@nelsonmullins.com

Nelson Mullings Riley & Scarborough LLP
6 PPG Place, Suite 700
Pittsburgh, Pennsylvania 15222
Tel:    412-235-3264
Fax:    412-235-9241

Steven B. McFarland, Esq. (*pro hac vice forthcoming*)
E-Mail: steven.mcfarland@nelsonmullings.com
1320 Main Street / 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC 29201
(803) 799-2000

*Attorneys for Defendant American Honda Motor Co., Inc.*