IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| Julie Renee Thomas and Jeffery Alan Thomas, II, <br><br> Plaintiffs, <br><br> vs. <br><br> Plaza Auto Mall; Robert McIlwain, Scott Bonforti; Maksim Sluvis; and American Honda Motor Co., Inc., <br><br> Defendants. | Case No. 2:24-cv-01398 |

## DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S
## MOTION TO DISMISS THE COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant American Honda Motor Co., Inc. ("American Honda") hereby submits this Motion to Dismiss the Complaint filed by Plaintiffs Julie Renee Thomas and Jeffery Alan Thomas, II ("Plaintiffs").

## BACKGROUND

This lawsuit arises out of a dispute related to Plaintiffs' purchase of a certified pre-owned vehicle from an independent Acura dealership in Brooklyn, New York, identified in the Complaint as Plaza Auto Mall ("Plaza"). Although the Complaint makes a myriad of claims regarding the alleged condition of the vehicle and Plaintiffs' interactions with that dealership, Plaintiffs nevertheless claim that American Honda—a separate and distinct entity that serves as the distributor of new Acura vehicles and parts—somehow should be responsible for these alleged events. These allegations, however, fail as a matter of law and should be dismissed.

First, although Plaintiffs assert causes of action against American Honda for fraud, misrepresentation, breach of contract, breach of warranty, and alleged violations of various

statutes, Plaintiffs have not pleaded any facts supporting these claims. The Complaint does not contain any allegations that American Honda advertised or sold the subject vehicle, made any misrepresentations to Plaintiffs, or entered into any contracts with Plaintiffs. Indeed, the Complaint does not allege that American Honda had any communications or interactions with the Plaintiffs, or that it had any involvement in this transaction whatsoever. Accordingly, Plaintiffs have failed to plead a viable claim against American Honda under any of these theories.

In addition to these direct claims against American Honda, Plaintiffs assert that Plaza was somehow acting as American Honda's agent for purposes of this transaction. The Complaint, however, does not contain any facts supporting this theory of liability. The Complaint contains no facts suggesting that American Honda owned this vehicle, that Plaza was selling this vehicle on American Honda's behalf, that American Honda authorized Plaza to serve as its agent for purposes of this vehicle, or that American Honda exercised any control over Plaza's handling of this transaction. Plaintiffs' allegations therefore are insufficient to state a viable claim against American Honda under any theory—whether directly or via agency—and should be dismissed.

## STANDARD OF REVIEW

Pursuant to Federal Rule 12(b)(6), a complaint should be dismissed for failure to state a claim when the allegations do not present a cognizable legal theory or lack sufficient facts under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to satisfy its burden, a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. Moreover, while courts typically accept as true the allegations in the complaint, the presumption of truth "attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. Pres. of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016). "A pleading that offers labels and conclusions or a formulaic recitation

of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Instead, the complaint must contain a "showing," rather than a blanket assertion, of entitlement to relief, and must raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

In addition, Rule 9(b) imposes a heightened pleading standard for allegations sounding in fraud over and above that required by Rule 8(a). Pursuant to Rule 9(b), any party asserting such a claim must plead the circumstances constituting the alleged fraud with particularity. Fed. R. Civ. P. 9(b); *Butakis v. NVR, Inc.*, 668 F. Supp. 3d 349, 359 (E.D. Pa. 2023) ("This standard requires one to plead 'the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged' by pleading or alleging 'the date, time and place of the alleged fraud or otherwise inject[ing] precision or some measure of substantiation into a fraud allegation.'") (*citing Schmidt v. Ford Motor Co.*, 972 F. Supp. 2d 712, 720 (E.D. Pa. 2013); *see also In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276–77 (3d Cir. 2006) ("Rule 9(b) requires, at a minimum, that plaintiffs support their allegations of fraud with all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where and how of the events at issue."). As set forth below, Plaintiffs have failed to satisfy these pleading requirements.

## ANALYSIS

### I.     Plaintiffs' Claims Fail to Plead any Direct Cause of Action against American Honda.

In their Complaint, Plaintiffs assert causes of action against American Honda for fraud (Count I), breach of contract (Count II), negligence (Count III), negligent misrepresentation (Count IV), breach of express and implied warranties (Count V), alleged violations of the Pennsylvania Motor Vehicle Act (Count VI), and alleged violations of the Pennsylvania Unfair Trade Practices

and Consumer Protection Law ("UTPCPL") (Count VII). The Complaint, however, fails to state a direct cause of action against American Honda based on any of these theories.

Although the Complaint asserts various actions allegedly performed by Plaza and/or its employees, Plaintiffs have not identified any facts—much less any facts with particularity—establishing a claim against American Honda under any of these theories. Specifically:

- Fraud (Count I) and Negligent Misrepresentation (Count IV) – Plaintiffs have not identified any contact or communications that they had with American Honda whatsoever, including the "who, what, when, where and how" of any such communications. *See In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d at 276–77. As such, Plaintiffs have not pleaded that American Honda made any material misrepresentations of fact, made any misrepresentations with the intent for Plaintiffs to rely on them, that Plaintiffs reasonably relied on any representations by American Honda, or that such reliance caused them any damage as necessary to support these causes of action. *See SodexoMAGIC, LLC v. Drexel U.*, 24 F.4th 183, 205 (3d Cir. 2022) (stating the elements for fraud); *Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 866 A.2d 270, 466 (Pa. 2005) (stating the elements for negligent misrepresentation).

- Breach of Contract (Count II) - Plaintiffs have not identified any contract between American Honda and Plaintiffs whatsoever, or that American Honda breached any provision in any agreement that would support a claim for breach of contract. *See Brown v. Agway Energy Services, LLC*, 328 F. Supp. 3d 464, 472 (W.D. Pa. 2018) (stating the elements for breach of contract).

- Negligence (Count III) – Plaintiffs have not identified any duty owed by American Honda to Plaintiffs, any interactions between American Honda and Plaintiffs, or any involvement that American Honda had in this transaction in any way. Moreover, although the Complaint appears to assert a claim against American Honda for negligent training and supervision, Plaintiffs have failed to plead that (1) American Honda owed Plaintiffs' a duty to train Plaza's staff, (2) that there was some intentional harm committed by an American Honda employee acting outside the scope of their employment, or (3) any of the other required elements for such claims. *See Burns v. SeaWorld Parks & Ent., Inc.*, 675 F. Supp. 3d 532, 548 (E.D. Pa. 2023) (granting motion to dismiss negligent training claim); *Smith v. Target Corp.*, No. CV 19-4247, 2019 WL 13115974, at *3 (E.D. Pa. Nov. 19, 2019) (dismissing negligent supervision claim).

- Breach of Warranty (Count V) – Although Plaintiffs allege that all defendants made certain representations that constituted express and implied warranties under Pennsylvania law, Plaintiffs have not identified any contact or communications that they had with American Honda whatsoever, including any statements made by American Honda about the condition of the subject vehicle. Plaintiffs have not identified any contract between American Honda and Plaintiffs whatsoever, or identified the terms of any written warranty accompanying

their purchase of the subject vehicle. *See Team Biondi, LLC v. Navistar, Inc.*, 665 F. Supp. 3d 633, 642-643 (M.D. Pa. 2023) (discussing creation of express warranties).

- Motor Vehicle Act Claims (Count VI) – Although Plaintiffs allege that American Honda violated several subsections of 63 P.S. § 818.318, Plaintiffs have not pleaded any facts involving American Honda that support these allegations, including any facts that:

    o American Honda had any contact with Plaintiffs whatsoever, much less made any "substantial misrepresentation of material facts" or made any "false promise of a character likely to influence, persuade, or induce the sale of a vehicle" as necessary to assert a claim under 63 P.S. § 818.318(2) and 63 P.S. § 818.318(3).

    o American Honda failed or refused to "account for moneys or other valuables belonging to others which have come into his possession arising out of the sale of vehicles" as necessary to assert a claim under 63 P.S. § 818.318(5).

    o American Honda issued any advertisements related to the subject vehicle whatsoever, much less advertised this specific vehicle in a false, deceptive, or misleading manner, as necessary to assert a claim under 63 P.S. § 818.318(6).

    o American Honda had any involvement with the sale of this vehicle whatsoever, much less engaged "in conduct in connection with the sale of vehicles which clearly demonstrates unprofessional conduct or incompetency to operate as a licensee" as necessary to assert a claim under 63 P.S. § 818.318(7).

    o American Honda furnished any oath or affidavit, much less willfully made "any false statement as to a material matter in any oath or affidavit" as necessary to assert a claim under 63 P.S. § 818.318(21).

    o American Honda collected any tax or fee, failed to issue a true copy of the tax report to the purchaser, or issued a false or fraudulent tax report as necessary to assert a claim under 63 P.S. § 818.318(23) and 63 P.S. § 818.318(24).

    o American Honda engaged in any conduct or activity that violates any provision of the Motor Vehicle Act as necessary to assert a claim under 63 P.S. § 818.318(26).

- UTPCPL Claim (Count VII) – Plaintiffs have not alleged that American Honda had any involvement in this transaction whatsoever, much less that American Honda engaged in any "unfair methods of competition" or committed any "unfair or deceptive acts or practices" as defined in 73 P.S. §201-2(4) and as necessary to state a claim under 73 P.S. §201-3.  Similarly, Plaintiffs have not alleged that American Honda issued any advertisements or made any sales presentations related to the subject vehicle whatsoever that would support a claim under 37 P.S. 301.2 as cut-and-pasted into the Complaint.

Given the complete lack of allegations supporting any of these claims, Plaintiffs' claims for direct liability by American Honda under all of the above theories should be dismissed in their entirety.

II. **Plaintiffs have Failed to Plead an Agency Relationship or any other Grounds that Support a Claim for Vicarious Liability against American Honda.**

In addition to asserting direct claims against American Honda, the Complaint appears to allege that American Honda should be held liable for the alleged actions of Plaza under an agency theory. Plaintiffs, however, have failed to plead (and cannot plead) that Plaza was American Honda's agent for purposes of selling the vehicle at issue here.

Under Pennsylvania law, it is well-settled that in order to establish the existence of an agency relationship, a plaintiff must satisfy three elements: (1) that there was a manifestation by the principal that the agent would act for it; (2) that the agent accepted such an undertaking; and (3) that the principal retained control of the endeavor." *Rychel v. Yates*, No. CIV.A. 09-1514, 2011 WL 1363751, at *10 (W.D. Pa. Apr. 11, 2011) (*citing Castle Cheese, Inc. v. MS Produce, Inc.*, Civ. A. No. 04-878, 2008 WL 4372856, at *8 (W.D. Pa. Sept. 19, 2008)). As to the third element, "the principal's right to control the action of the agent is a hallmark of an agency relationship." *See id.;*[1] *See also Dolan v. PHL Variable Ins. Co.*, No. 3:15-CV-01987, 2017 WL 4812308, at *6 (M.D. Pa. Oct. 25, 2017) (granting motion to dismiss claims against defendant based on agency theory where plaintiff failed to adequately plead such a relationship).

---

[1] In evaluating control, courts consider the situation and the conduct of the parties, along with the following factors: (1) whether the services performed by the agent constitute a distinct occupation or business; (2) the type of occupation, with reference to whether, the work is usually done under the direction of a principal or by a specialist without supervision; (3) the skill required for the completion of the relevant tasks; (4) whether the instrumentalities, tools and place of work are supplied by the would-be principal or the would-be agent; (5) the length of time during which the services are to be performed; (6) the method of payment, whether by the time or by the job; (7) whether the work is a part of the regular business of the principal; and (8) the nature of the relationship that the parties believe to have been created. *Castle Cheese*, 2008 WL 4372856, at *9.

In addition to these general principles, there is significant law making clear that motor vehicle dealers like Plaza are independent businesses and are not the agents of motor vehicle distributors like American Honda. Although "control" is the hallmark of an agency relationship, Pennsylvania law expressly provides that distributors like American Honda "shall not . . . operate or control a dealer licensed under this chapter which is engaged in the business of buying, selling, or exchanging vehicles." 63 Pa. Stat. Ann. § 818.310(c)(1)(ii). In addition, courts addressing this issue repeatedly have held that "the weight of authority" makes clear that a franchised automobile dealer "is an independent merchant and not an agent of the manufacturer." *Arnson v. GMC*, 377 F.Supp. 209 (D.C. Ohio 1974) (providing survey of cases rejecting claims that motor vehicle dealers are the agent of the distributor); *see, e.g., Ortega v. GMC*, 392 So.2d 40 (Fla. 4th DCA 1980) (holding that the dealer "is not an agent of GMC under the dealer franchise agreement between the parties"); *DaimlerChrysler Motors Co. v. Clemente*, 294 Ga. App. 38, 668 S.E.2d 737 (Ct. App. 2008) (holding that plaintiff could not establish that Chrysler Motors controlled the time, manner, and method of the dealer's daily operations); *Thornton v. Ford Motor Co.*, 297 P.3d 413, 419-22 (Okla. 2013) (rejecting claim that dealer was Ford's actual or apparent agent).

These rationale supporting these holdings applies here and should bar Plaintiffs' claims against American Honda based on an agency theory. As set forth in the authorities above, there is no dispute that Plaza and American Honda are separate and distinct legal entities that are engaged in separate and distinct occupations and businesses. American Honda is a distributor that supplies new vehicles and parts to independent dealers, while independent dealers like Plaza are retailers that actually sell and service vehicles for consumers. Given this separation, Plaintiffs have not and cannot plead any facts (as they must) demonstrating that Plaza—the actual seller of the vehicle— somehow was selling this particular vehicle on American Honda's behalf.

Moreover, although Plaintiffs point to American Honda's uniform standards for certified pre-owned vehicles, Plaintiffs ignore the fact that these standards simply identify the criteria that must be met before an authorized dealer may designate a used vehicle as "certified pre-owned" to customers *and to American Honda* as well. Plaintiffs have not pleaded any facts that American Honda exercised control over the dealer's daily operations, the instrumentalities or tools used by the dealer in performing these tasks, or its performance of the certification process for this particular vehicle. The Complaint also does not allege and cannot allege that the certification or sale of used vehicles is "part of the regular business of" a distributor like American Honda or any of the other factors set forth above for establishing an agency relationship. Indeed, as set forth above, the Complaint does not contain any facts alleging that American Honda was involved in this particular transaction in any way. Plaintiffs therefore simply have failed to plead that Plaza Honda was acting as American Honda's agent related to these sale of this vehicle, and Plaintiffs' allegations against American Honda based on that theory should be dismissed with prejudice.

**III.** **In the event Plaintiffs' Claims against American Honda are not Dismissed, Plaintiffs Should be Compelled to Arbitrate their Claims against Defendants.**

As set forth above, Plaintiffs have failed to state a claim against American Honda, and their claims against American Honda therefore should be dismissed. In the event that any of Plaintiffs claims against American Honda are not dismissed, however, Plaintiffs should be compelled to arbitrate their claims against American Honda in accordance with the Motion to Compel Arbitration jointly submitted by Defendants. In the interest of judicial economy, American Honda incorporates the Motion to Compel Arbitration and the Memorandum in Support herein.

## CONCLUSION

For the foregoing reasons, Plaintiffs have failed to state a viable claim for relief against American Honda based on any of the theories set forth above. Accordingly, American Honda

respectfully requests that the Court dismiss all of Plaintiffs' claims against American Honda addressed herein. In the alternative, American Honda respectfully requests that the Court compel Plaintiffs to arbitrate their claims in accordance with Defendants' Motion to Compel Arbitration.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/ Timur Dikec

    Timur R. Dikec
    PA Attorney Id. No. 333225
    E-Mail: timur.dikec@nelsonmullins.com
    Six PPG Place, Suite 700
    Pittsburgh, PA 15222
    (412) 730-3311

*and*

Steven B. McFarland *(pro hac vice forthcoming)*
E-Mail: steven.mcfarland@nelsonmullins.com
1320 Main Street / 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC 29201
(803) 255-9490

*Attorneys for Defendant*
American Honda Motors Co., Inc.,

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| Julie Renee Thomas and Jeffery Alan Thomas, II,<br><br>            Plaintiffs,<br><br>vs.<br><br>Plaza Auto Mall; Robert McIlwain, Scott Bonforti; Maksim Sluvis; and American Honda Motor Co., Inc.,<br><br>            Defendants. | Case No. 2:24-cv-01398 |

### CERTIFICATE OF CONFERRAL

The undersigned hereby certifies that Defendant American Honda Motor Co., Inc.'s counsel has met and conferred with Plaintiffs' counsel prior to the filing of this Motion to Dismiss to determine whether it can be avoided. The moving party has made good faith efforts to confer with the nonmovant(s) to determine whether the identified pleading deficiencies may be cured by amendment.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/ Timur Dikec
    Timur R. Dikec; PA Attorney Id. No. 333225
    E-Mail: timur.dikec@nelsonmullins.com
    Six PPG Place, Suite 700
    Pittsburgh, PA 15222
    (412) 730-3311

    Steven B. McFarland *(pro hac vice forthcoming)*
    E-Mail: steven.mcfarland@nelsonmullins.com
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211-1070)
    Columbia, SC  29201
    (803) 255-9490
    *Attorneys for Defendant American Honda Motors Co., Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| Julie Renee Thomas and Jeffery Alan Thomas, II, <br><br> Plaintiffs, <br><br> vs. <br><br> Plaza Auto Mall; Robert McIlwain, Scott Bonforti; Maksim Sluvis; and American Honda Motor Co., Inc., <br><br> Defendants. | Case No. 2:24-cv-01398 |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system and served by electronic notification, via the CM/ECF system, to the persons and entities registered with CM/ECF on this the 27th day of November, 2024.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/ Timur Dikec
Timur R. Dikec; PA Attorney Id. No. 333225
E-Mail: timur.dikec@nelsonmullins.com
Six PPG Place, Suite 700
Pittsburgh, PA 15222
(412) 730-3311

Steven B. McFarland *(pro hac vice forthcoming)*
E-Mail: steven.mcfarland@nelsonmullins.com
1320 Main Street / 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC 29201
(803) 255-9490

*Attorneys for Defendant American Honda Motors Co., Inc.*